IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-294-D
No. 5:15-CV-455-D

| | |
|---|---|
| DONALD MANGUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 9, 2015, Donald Mangum ("Mangum") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 24-month sentence [D.E. 51]. On January 26, 2016, the government moved to dismiss Mangum's section 2255 motion [D.E. 55] and filed a memorandum in support [D.E. 56]. On February 16, 2016, Mangum responded in opposition [D.E. 58]. As explained below, the court grants the government's motion and dismisses Mangum's section 2255 motion.

I.

On December 16, 2013, pursuant to a written plea agreement [D.E. 22], Mangum pleaded guilty to bankruptcy fraud in violation of 18 U.S.C. § 157(3) ("count one") and destruction, alteration, or falsification of records in federal investigations and bankruptcy in violation of 18 U.S.C. § 1519 ("count six"). See [D.E. 9, 21]. On November 18, 2014, at Mangum's sentencing hearing the court calculated Mangum's advisory guideline range as 24 to 30 months' imprisonment based on a total offense level of 17 and a criminal history category of I. See [D.E. 44, 47, 48]; see also Presentence Investigation Report ("PSR") [D.E. 36] ¶ 64. After considering all relevant factors

under 18 U.S.C. § 3553(a) and the arguments of counsel, the court sentenced Mangum to 24 months on count one and count six, with the sentences to run concurrently. See [D.E. 44, 47, 48]. Mangum did not appeal.

On September 9, 2015, Mangum filed his section 2255 motion. See [D.E. 51]. Mangum makes two claims: (1) his counsel was constitutionally ineffective by failing to challenge the loss amount at sentencing; and (2) his sentence violates due process because a retired bankruptcy judge allegedly attended Mangum's sentencing, sat behind government's counsel, and conferred with government's counsel. See id. 4–6.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. It also may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

2

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Mangum must show that his attorney's performance fell below an objective standard of reasonableness. See, e.g., Strickland v. Washington, 466 U.S. 668, 687–91 (1984). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

As for Mangum's contention that his trial counsel was ineffective by failing to challenge the loss amount, the contention does not plausibly allege deficient performance. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). At the sentencing hearing, the court considered and

3

resolved the government's objections to the loss amount. See PSR 15–17. Before resolving the objections, the court considered the briefs and arguments of the government's counsel and Mangum's counsel. Cf. [D.E. 43] 6–15; [D.E. 38] 8–12. The court found that the loss was more than $70,000 and less than $120,000. See PSR ¶ 52 (discussing U.S.S.G. § 2B1.1(b)(1)(E)). Mangum's speculative claim that the loss amount was only $46,000 is baseless, and the Sixth Amendment does not require counsel to make baseless arguments. See Knowles, 556 U.S. at 126–27. Thus, Mangum's first claim fails.

Alternatively, Mangum cannot use section 2255 to attack retroactively his advisory guideline range. Such a claim is not cognizable under section 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Spencer v. United States, 773 F.3d 1132, 1138–44 (11th Cir. 2014) (en banc).

Alternatively, in light of this court's alternative variant sentence, Mangum's first claim fails due to a lack of prejudice. See, e.g., United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011).

Next, Mangum alleges that a retired bankruptcy judge attended his sentencing hearing, sat behind the government's counsel, and consulted with government's counsel. See [D.E. 51] 5–6. Mangum argues that the retired bankruptcy judge's presence at Mangum's sentencing violated due process. See id.

Mangum's claim fails. Mangum procedurally defaulted this claim by failing to raise this claim on direct appeal. Thus, the general rule of procedural default bars Mangum's from presenting

4

this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 141 (4th Cir. 2001). Furthermore, Mangum has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged conduct of the retired bankruptcy judge at his sentencing. See, e.g., Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, the claim fails on the merits. Even if a retired bankruptcy judge attended Mangum's sentencing and consulted with government counsel, such a vague and conclusory allegation fails to state a claim upon which relief can be granted. See, e.g., United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013). Indeed, if the retired bankruptcy judge was present and consulted with government counsel, this court did not notice him or attribute anything to his alleged presence.

After reviewing the claims presented in Mangum's motion, the court finds that reasonable jurists would not find the court's treatment of Mangum's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 55], DISMISSES Mangum's section 2255 motion [D.E. 51], and DENIES a certificate of appealability.

5

SO ORDERED. This 1 day of August 2016.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge